IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HARTFORD CASUALTY INSURANCE )
COMPANY, )
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
VS. )　　　No. 06-1040-T/An
　　　　　　　　　　　　　　　　　　)
DEBERRY ROOFING COMPANY, INC.; )
RICHARD LANE DEBERRY; and )
STACY L. DEBERRY, )
　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

　　　　The plaintiff, Hartford Casualty Insurance Company, has filed a motion for entry of default judgment against the defendants, DeBerry Roofing Company, Inc., Richard Lane DeBerry and Stacy L. DeBerry, asserting that the defendants have failed to answer or otherwise respond to the complaint. Plaintiff requests that the Court enter judgment finding liability by default and set an evidentiary hearing to determine the appropriate amount of damages. However, the motion for entry of default judgment must be denied as premature.

　　　　Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a "technical" default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the Court itself. The Clerk's entry of default under section (a) is different from, and must precede, entry of

a default judgment under section (b).  See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 474 U.S. 995 (1985); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F. Supp. 715, 718 (S.D. Ga. 1990).  The Clerk's entry of default is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted.  Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); Ramada Franchise Sys., Inc. v. Baroda Enter., LLC, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (entry of default is a prerequisite to a default judgment); United States v. 8771 Lake Road, 818 F. Supp. 199, 201 (W.D. Mich. 1992) (default encompasses two steps:  first, entry of default and then a subsequent default judgment).

In order to obtain the entry of default under Rule 55(a), an "Application for Entry of Clerk's Default" must be filed with the Clerk, along with an affidavit or other competent proof of the defendants' failure to plead or otherwise defend the action.  The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendants are in default.  Then the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default.

Plaintiff has not obtained entry of default by the Clerk in this case.  In addition, the Court declines to construe the motion for entry of default judgment as a request for entry of default by the Clerk.  While plaintiff indicates in the motion that the defendants have been duly served with process, there is no accompanying affidavit.  Therefore, the motion for a

default judgment (dkt. #5) is DENIED as premature.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE