**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HARTFORD CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No.    06-1040 T/An** |
| | ) | |
| **DEBERRY ROOFING** | ) | |
| **COMPANY, INC., RICHARD** | ) | |
| **LANE DEBERRY and STACY L.** | ) | |
| **DEBERRY** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**REPORT AND RECOMMENDATION ON DAMAGES**
_____

Before the Court is Chief United States District Judge James D. Todd's Order of Reference entered on October 26, 2006.  Judge Todd granted Plaintiffs' Motion for Default Judgment and referred the matter to the United States Magistrate Judge for a Report and Recommendation on damages.  On November 7, 2006, the Court instructed the Plaintiff to submit a Memorandum of Facts and Law on the issue of damages, which Plaintiff has done.

## BACKGROUND

This case arose from claims on subcontract payment bonds issued by Plaintiff as surety on behalf of Defendants with respect to two construction projects known as Gaines Road Elementary School and Alps Road Elementary School in Athens, Georgia.  Defendants failed to properly discharge their contractual duties during the course of construction.  As a result Plaintiff received multiple claims against the bonds.  The General Contractor also charged Plaintiff with

1

completion of the work pursuant to the bonds.  Plaintiff filed its Complaint February 21, 2006.

Defendants failed to file an answer within the time allotted.  Therefore, on October 26, 2006,

Judge Todd granted default judgment against Defendants.  He referred the matter to the

Magistrate Judge for a report and recommendation on damages.

## ANALYSIS

Under the parties' General Indemnity Agreement, Defendants were to be jointly and

severally liable for losses and expenses incurred by Defendant in connection with its obligations

as surety pursuant to the bonds.  Plaintiff submitted the affidavit of Gary A. Judd, Senior Claims

Manager for Hartford Fire Insurance Company, averring the expenses Plaintiff incurred as a

result of its performance on the bonds issued on behalf of Defendants.

### A. The Gaines Road Project

Pursuant to Bond number 21 BCS CI5567, the bond pertaining to the work at Gaines

Road Elementary School, Plaintiff has supplied an affidavit and copies of billing records for

attorneys fees and expenses totaling $1,436.80.  Plaintiff has stated that this total reflects fees

incurred to oversee the completion of the contract and to institute legal proceedings for

indemnification against Defendants as indemnitors.  As such, the Court recommends that

Plaintiff be awarded attorneys fees for the Gaines Road project in the amount of $1,436.80.

Plaintiff has supplied an affidavit and invoices for payment to Trimco Exteriors for

necessary soffit work performed to complete Defendants' contractual obligations at the Gaines

Road project totaling $10,854.00.  As such, the Court recommends that Plaintiff be awarded

contract expenses for the Gaines Road project in the amount of $10,854.00.

Plaintiff has supplied an affidavit and invoices for payment to Surety & Construction

2

Consultants, Inc. for engineering and contracting services necessary to complete Defendants' contractual obligations at the Gaines Road project totaling $12,199.13.[1]  As such, the Court recommends that Plaintiff be awarded engineering and contracting service expenses for the Gaines Road project in the amount of $12,199.13.

Plaintiff has supplied an affidavit and invoices for payment to Lyle & Associates for performance of roofing work to complete Defendants' contractual obligations at the Gaines Road project totaling $99,000.00.[2]  As such, the Court recommends that Plaintiff be awarded such expenses for the Gaines Road project in the amount of $99,000.00.

Plaintiff has supplied an affidavit and invoices for payment to Roofing Supply, Inc. of Tennessee as a bond claimant on unpaid materials delivered to Defendant at the Gaines Road Project totaling $5,136.08.[3]  As such, the Court recommends that Plaintiff be awarded such expenses for the Gaines Road project in the amount of $5,136.08.

---

[1] Plaintiff's exhibits to the Judd affidavit appear to have been shuffled.  For instance, Plaintiff has designated as Exhibit "D"  the invoices purporting to state this claim for damages in the Gaines Road project.  However, the invoices included in Exhibit "D" are clearly marked "Alps Road Elementary School."  On the other hand, the invoices designated Exhibit "I" and "I contd" contain documents pertaining to both the Gaines Road and the Alps Road projects.  Therefore, the Court has undertaken to sort out which expenses and invoices are properly attributable to each project.

[2] It appears to the Court that Exhibit "J" actually includes the invoices pertaining to the amounts owed Lyle & Associates for the Gaines Road project, not Exhibit "E" as the Judd Affidavit states.

[3] Again It appears to the Court that Exhibit "K" actually includes the invoices pertaining to the amounts owed Roofing Supply, Inc. of Tennessee for the Gaines Road project, not Exhibit "F" as the Judd affidavit states.

3

**B. The Alps Road Project**

Pursuant to Bond number 21 BCS CI5568, the bond pertaining to the work at Alps Road Elementary School, Plaintiff has supplied an affidavit and copies of billing records for attorneys fees and expenses totaling $4,250.07.  Plaintiff has stated that this total reflects fees incurred to oversee the completion of the contract and to institute legal proceedings for indemnification against Defendants as indemnitors.[4]  As such, the Court recommends that Plaintiff be awarded attorneys fees for the Alps Road project in the amount of $4,250.07.

Plaintiff has supplied an affidavit and invoices for payment to Trimco Exteriors for necessary soffit work performed to complete Defendants' contractual obligations at the Alps Road project totaling $10,854.00.  As such, the Court recommends that Plaintiff be awarded contract expenses for the Alps Road project in the amount of $10,854.00.

Plaintiff has supplied an affidavit and invoices for payment to Surety & Construction Consultants, Inc. for engineering and contracting services necessary to complete Defendants'

---

[4] The Judd affidavit sets forth a claim for $5,228.83 in attorney fees relating to the Alps Road project.  Upon the Court's inspection, it appears that the amount owed is actually $4,250.07.  Among the billing records included in Exhibit "G" to the Judd affidavit, Plaintiff asserts a claim for $978.76 billed September 13, 2005.  The invoice submitted by Weinberg, Wheeler, Hudgins, Gunn & Dial LLC of Atlanta, Georgia, referred to the work being billed as "RE: Estate of Charles Mills."  Apparently, this too was work performed for Plaintiff; however, the invoice pertains to matter "00004" and refers to the attorney assigned to the matter as "DAD."  However, the rest of the billing records and invoices relating to the legal fees in the Alps Road project all refer to matter "00006" and the attorney assigned to the matter as "WCB." It appears to the Court then that this invoice is unrelated to the Alps Road project and was mistakenly included in the calculation.

To make matters more confusing, the "Estate of Charles Mills" invoice also seems to have inadvertently included a charge of $25.00 billed on July 21, 2005, which *does relate* to the Alps Road matter.  Adding up all of the other invoices for legal fees arising from the Alps Road project, and including this stray $25.00, the Court calculates Plaintiff's damages as $4,250.07.

4

contractual obligations at the Alps Road project totaling $5,118.30.[5]  As such, the Court recommends that Plaintiff be awarded engineering and contracting service expenses for the Alps Road project in the amount of $5,118.30.

Plaintiff has supplied an affidavit and invoices for payment to Lyle & Associates for performance of roofing work to complete Defendants' contractual obligations at the Alps Road project totaling $92,000.00.[6]  As such, the Court recommends that Plaintiff be awarded such expenses for the Alps Road project in the amount of $92,000.00.

Plaintiff has supplied an affidavit and invoices for payment to Roofing Supply, Inc. of Tennessee as a bond claimant for materials delivered to Defendant at the Alps Road Project totaling $79,290.98.[7]  As such, the Court recommends that Plaintiff be awarded such expenses for the Alps Road project in the amount of $79,290.98.

## **CONCLUSION**

---

[5] See note 1.  Both Exhibit "D" and Exhibit "I" contained invoices and expense records relating to the Alps Road project.  The Court notes that despite the confusion on the exhibits, nothing alters the total amount to which Plaintiff is entitled for expenses incurred to Surety and Construction Consultants, Inc.

[6] See note 2.  Again it appears to the Court that Exhibit "E" actually includes the invoices pertaining to the amounts owed Lyle & Associates for the Alps Road project, not Exhibit "J" as the Judd Affidavit states.

[7] Again it appears to the Court that Exhibit "F" actually includes the invoices pertaining to the amounts owed Roofing Supply, Inc. of Tennessee for the Alps Road project, not Exhibit "K" as the Judd affidavit states.

The Court recommends that the following amounts be awarded to Plaintiff for each item of damages:

| | |
|---|---|
| Legal Fees and Expenses: | $  5,686.87 |
| Trimco Exteriors: | $ 21,708.00 |
| Surety & Construction Consultants, Inc.: | $ 17,317.43 |
| Lyle & Associates: | $191,000.00 |
| Roofing Supply, Inc. Of Tennessee: | $ 84,427.06 |

In sum, the Court recommends that Plaintiff be awarded, $320,139.36, plus interest of 12.25 %[8] on each payment made by Hartford up to the date of entry of judgment.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES MAGISTRATE JUDGE

> Date: December 27th, 2006.

---

[8] T.C.A. § 47-14-103(2) provides that the maximum rate of interest for a written contract will be the Tennessee formula rate established by the Tennessee Department of Financial Institutions.  The formula rate in effect at the time of filing the Motion for Default Judgment applies where a debt is certain and ascertainable.  See *Developers Surety and Indemnity Co. v. Martin*, 2006 WL 1984425, *22 (E.D. Tenn. 2006).  Per the October 13, 2006-edition of the Tennessee Administrative Register, the formula rate was 12.25%.